## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA HACKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV00754 ERW |
| | ) | |
| J. BAUMGATNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Joshua Hackman (registration no. n/a), an inmate at the St. Charles County Department of Corrections, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted, and plaintiff will be assessed an initial partial filing fee of $2.33. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $11.67, and an average monthly balance of $0.00.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $2.33, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief.  An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### The Complaint

Plaintiff brings this action for monetary relief under 42 U.S.C. § 1983 against defendants J. Baumgatner (Correctional Officer), Debbie Unknown (Nurse), Larry Crawford, and the St. Charles County Jail.  Plaintiff alleges that, upon his arrival at the St. Charles County Jail in February 2013, his "medical crutches were taken . . . and placed in . . . property," and he was not allowed to use them.  Also, he requested non-pork food at meals, based on his religion; however, it was not until "weeks later" that he received the proper food.  Plaintiff states that he has a "foot condition," and his mother was not allowed to bring certain shoes for him.  Thereafter, due to the alleged

malice of defendants Baumgatner and Nurse Debbie, he was assigned to a "top floor cell," which has caused him "great pain and suffering." Plaintiff further alleges that the Jail had no running water on April 6, 2013, and two days later, he "was told not to drink water when it was running again due to contamination."

## Discussion

Plaintiff brings this action against defendants Baumgatner, Debbie Unknown, and Crawford in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the pleading as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the employing government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As such, the complaint is

-4-

legally frivolous and fails to state a claim upon which relief can be granted as to defendants J. Baumgatner, Debbie Unknown, and Larry Crawford.

The complaint is also legally frivolous as to defendant St. Charles County Jail, because jails are not suable entities. *See Lair v. Norris*, 32 Fed. Appx. 175, 2002 WL 496779 (8th Cir. 2002); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999)(§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(jails are not entities amenable to suit). For these reasons, the Court will dismiss this action pursuant to § 1915(e)(2)(B).

As additional grounds for dismissing this action, the Court notes that, in order to state a claim for unconstitutional medical mistreatment, a plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). To show deliberate indifference, a plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). To state a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d

-5-

35, 37 (8th Cir. 1995).  Plaintiff's allegations relative to his "foot condition" do not rise to the level of deliberate indifference.

Moreover, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).  In the instant action, plaintiff has not set forth any facts indicating that the named defendants were directly involved in or were personally responsible for the alleged pork meals he received or the lack of clean water.  As a result, plaintiff has failed to establish a causal link between defendants and the alleged deprivation of rights.

Last, if plaintiff chooses to file another lawsuit(s) in the future, he should be mindful of the Court rules pertaining to joinder of parties and claims.     Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."  Rule 20(a)(2) of the Federal Rules of Civil

Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."

Thus, if, for instance, plaintiff wishes to bring a claim against a certain individual(s) for serving him pork and against another individual(s) for denying him medical care, he must file a separate lawsuit against each of them, in compliance with the Federal Rules of Civil Procedure, because the serving of pork does not arise out of the same transaction or occurrence as the denial of medical care, and there are no common questions of law or fact.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $2.33 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 7th day of June, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

-8-